**SHULMAN BUNN LLP**
**STEPHANIE J. SHULMAN (SBN 108556)**
stephanie@shulmanbunn.com
**RICHARD A. BUNN (SBN 114675)**
richard@shulmanbunn.com
20341 SW Birch Street, Suite 320
Newport Beach, California 92660
T: 949.679.1800
F: 949.679.1802

Attorneys for Plaintiff JPMORGAN CHASE BANK, N.A., successor by merger to CHASE HOME FINANCE, LLC

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., successor by merger to CHASE HOME FINANCE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MARK HARDIE , an individual; VANGELIA HARDIE, and individual; THE UNITED STATES OF AMERICA, a governmental entity; all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to PLAINTIFF's title, or any cloud upon PLAINTIFF's title thereto and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV 13-03149 SJO (CWx)<br><br>JUDGMENT QUIETING TITLE |

Pursuant to stipulation of Plaintiff JPMORGAN CHASE BANK N.A. and Defendant THE UNITED STATES OF AMERICA and good cause appearing, the Court enters Judgment as follows:

WHEREAS Plaintiff JPMORGAN CHASE BANK, N.A. is a national banking association authorized to do business in California.

WHEREAS MARK HARDIE and VANGELIA HARDIE are individuals who reside in Los Angeles, California.

WHEREAS Defendant THE UNITED STATES OF AMERICA ("UNITED STATES") is a governmental entity.

WHEREAS the property that is the subject of this action ("the SUBJECT PROPERTY") is commonly known as 7850 Oso Avenue, Winnetka, CA, 91306, and legally described as:

> LOT 78 OF TRACT NO. 33285, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 882 PAGE(S) 69-71 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY.

WHEREAS Defendant the UNITED STATES has recorded two tax liens that encumber the SUBJECT PROPERTY: (1) a Federal Tax Lien in the amount of $82,767.22 recorded against the property interests of Defendants MARK HARDIE and VANGELIA HARDIE on September 22, 2008, as Instrument Number 20081701319; and (2) a Federal Tax Lien in the amount of $50,070.58, recorded against the property

interests of Defendants MARK HARDIE on September 22, 2008, as Instrument Number 20081701707.

WHEREAS on or about October 4, 2008, MARK HARDIE and VANGELIA HARDIE applied for and obtained a loan from Quicken Loans in the amount of $538,660.00 (the “SUBJECT LOAN”), secured by a deed of trust encumbering the SUBJECT PROPERTY recorded October 20, 2008, as instrument number 20081862720, in the Office of the Los Angeles County Recorder.

WHEREAS Plaintiff has acquired ownership of the SUBJECT LOAN made by Quicken Loans to Mark and Vangelia Hardie as described above, and is now the beneficiary of the deed of trust recorded against the SUBJECT PROPERTY on October 20, 2008, to secure that loan.

WHEREAS $500,471.84 in proceeds from the SUBJECT LOAN were used to pay off a prior trust deed against the SUBJECT PROPERTY in the face amount of $497,000 in favor of BNC Mortgage, recorded October 10, 2006, as Instrument number 062246238, (“the BNC Trust Deed”) .

WHEREAS neither Quicken Loans nor Plaintiff had actual knowledge of the Federal Tax Liens at the time the SUBJECT LOAN was made to Mark Hardie and Vangelia Hardie in October 2008.

IT IS ORDERED, ADJUDGED, AND DECREED that under the doctrine of equitable subrogation, the BNC Trust Deed which was paid off is revived for the benefit of Plaintiff, and Plaintiff is entitled to a judgment quieting title and decreeing

that it has an equitable lien in the amount of $500,471.84 plus interest from October 4, 2008, in a position senior to that of the Federal Tax Liens, and senior to all other liens held by the other defendants herein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under the doctrine of equitable subrogation, all payments of principal and interest received by Quicken Loans and its assignee(s) of the SUBJECT LOAN, including Plaintiff, shall be applied first to Plaintiff's equitable lien in the original amount of $500,471.84, as described above, before any payments made on the SUBJECT LOAN may be applied to the remaining principal balance of that loan.

Dated: April 19, 2014.

S. James Otero

United States District Judge